Mr. Justice Robb
delivered the opinion of the Court:
This is an interference proceeding in which priority of invention was awarded Frederick G. Ward.
The invention relates to a so-called antiskidding device for automobile tires, and is expressed in ten counts, of which the following are representative:
“1. A tire of resilient material having embedded in the tread portion thereof a plurality of helices so disposed that portions thereof are flush with the road-engaging surface of the tire.”
*596 “4. A tire of resilient material having embedded in the resilient material thereof a structure comprising a plurality of layers of metallic coils, portions of the bent rods or wires of the outer layer being flush with the road-engaging surface of the tire.”
i “10. A tire tread, a substantially continuous elastic member embedded therein, and coiled in the direction of the circumference, and having portions of its coil exposed upon the tread.”
Each of the three tribunals of the Patent Office found that Thomas Midgley is entitled to no date of conception or disclosure of the issue prior to May, 1906. We concur in that finding. Midgley filed his application September 11, 1906, while that of Ward was not filed until April 19, 1907.
The Examiner of Interferences, after a careful review of the evidence in behalf of Ward, ruled that it established conception of the invention by Ward in July or August of 1906, and that inasmuch as Ward was exercising diligence at and after the time Midgley entered the field, in May, 1906, he was entitled to the award of priority. The Examiners in Chief reversed this ruling largely upon the ground that the answers of Ward’s principal witness, a Mr. Atterholt, were inspired by leading questions, and hence that such answers were not entitled to consideration. The First Assistant Commissioner, who then heard the case on appeal, in a well-considered opinion, pointed out the untenableness of the board’s position, and sustained the Examiner of Interferences.
The decision of the Assistant Commissioner was clearly right. We entertain no doubt that Ward conceived and disclosed the invention long prior to the time Midgley entered the field. As that evidence has been reviewed by the Examiner of Interferences, we content ourselves with a mere statement of our conclusion.
While we do not wish to detract from the force of our observations in American Stove Co. v. Detroit Stove Works, 31 App. D. C. 304, concerning the practice of asking leading questions, we agree with the Assistant Commissioner that the ques *597 tions here involved are not of that character. To illustrate: Mr. Atterholt was asked whether Ward had explained “how he intended to utilize this (the exhibit) in connection with an automobile tire.” The answer of the witness clearly showed that he did not fully understand the question. Counsel, apparently appreciating this, then asked the following question: “Possibly you misunderstood my question. Did Mr. Ward, at the time he showed this sample, explain to you how it was to be applied to a tire ? If so, give, as near as you can recall, Mr. Ward’s statement in this respect.” The witness had already testified that the sample referred to had been shown him by Mr. Ward, and had already stated in response to an entirely proper question his independent recollection of the nature of the invention, and that it was to be applied to tires. It is at once apparent that this question was in no way leading, but merely calculated to direct the attention of the witness to the particular matter under investigation. It was not strange that the witness should have been somewhat misled when he was asked whether Ward had explained to him how he intended to utilize an exhibit consisting of a short piece of rubber with wire coils embedded therein, “in connection with an automobile tire.” The object of the challenged question was clearly to elicit from the witness any information that had been imparted to him by Ward concerning the manner in which the invention was to be applied to a tire. The question does not contain a suggestion of the expected answer. This is the test.
Por the reasons given by the Assistant Commissioner, we affirm his decision. Affirmed.